**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAY L. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-148-CMS |
| | ) | |
| DOUGLAS A. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. Plaintiff Ray L. Alexander, a frequent filer in this Court, commenced this civil action on February 2, 2026, complaining of the termination of his benefits by the Department of Veterans Affairs. ECF No. 1. Plaintiff also filed an application to proceed without prepaying fees or costs. ECF No. 2. On May 22, 2026, the Court directed Plaintiff to file an amended complaint using a Court form. ECF No. 3. The Court also noted that the application to proceed without prepaying fees or costs was defective as it provided no financial information. *Id*. Plaintiff was therefore ordered to pay the full filing fee or submit a new application that provided the required financial information. *Id*. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of the case without further notice. *Id*.

On June 22, 2026, Plaintiff filed a motion asking the Court to reconsider its Order directing him to file an amended complaint on a Court form. ECF No. 4. The motion also provided some information about Plaintiff's finances. The Court denied the motion and gave Plaintiff until July 6, 2026, to comply with the Order of May 22, 2026. Plaintiff was again warned that he must timely comply with the Order to avoid dismissal. Instead of complying with

the Order, Plaintiff filed a motion titled "REQUEST FOR REVIEW OF ACTION BY CHIEF JUDGE" on July 8, 2026. ECF No. 6. In this motion, Plaintiff states that "it must be inquired if this body is sitting as an Art. II administration or Art. III, court of record." *Id*. Plaintiff also complains that he was denied the ability to proceed without prepayment of costs or fees when he believes he provided sufficient information. *Id*.

Plaintiff is advised that he has filed this suit in the District Court of the Eastern District of Missouri, which has jurisdiction under Article III of the Constitution. He is further advised that he has never provided a complete application to proceed in district court without prepayment of costs or fees. To date, Plaintiff has never provided this Court with such basic information as his monthly income.[1] Thus, this motion will be denied.

Plaintiff was given an extended deadline of July 6, 2026, to comply with the Order of May 22, 2026. Plaintiff has instead filed a motion that does not comply with the directives in the Order of May 22, 2026. Further, his motion does not seek additional time to do so. Plaintiff was given meaningful notice of what was expected, cautioned that his case would be dismissed if he failed to timely comply, and granted ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's May 22, 2026, Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to

---

[1] The only income Plaintiff admits receiving is annuity payments of $21,000. Whether this is Plaintiff's annual income, monthly income, or quarterly income is unclear because Plaintiff does not use the Court form and fails to clearly specify the pay period. *See* ECF No. 4. He also previously stated, "Claimant has no credits are available [sic] in any checking or savings accounts." *Id*. These confusing and unclear statements only reinforce the importance of using the Court-provided form, by which such confusion may be avoided with simple answers to questions on the form.

2

manage their own affairs so as to achieve the orderly and expeditious disposition of cases");

*Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating a district court has the power to

dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's REQUEST FOR REVIEW OF ACTION

BY CHIEF JUDGE [ECF No. 6] will be **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal will accompany this Memorandum and

Order. Dated this 28th day of July, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

3